IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BARBARA J. GRASSO,

                    Plaintiff,

v.

SHERRY BAKKO,

                    Defendant.

ORDER

08-cv-471-slc

---

On December 5, 2008, this court held a telephonic hearing on defendant's motion to compel discovery. After discussing the course of discovery at length with both sides, I granted the motion in part and denied the motion in part.

Plaintiff has the obligation to be as specific and thorough in her discovery responses as is possible. Obviously, plaintiff cannot provide information that does not exist: on the other hand, just because much of plaintiff's information is accessible only through plaintiff's own recollection and statements does not mean that it does not exist. The point of pretrial discovery is to put all the relevant information on the table for both sides to sort and use. To ensure that this has occurred, plaintiff may have until December 19, 2008 within which to finalize her responses to all pending discovery. At that point, the record will be set.

Defendant observed that some of plaintiff's discovery responses state that plaintiff cannot provide a substantive answer until she obtains information from plaintiff. This is not a ground for defendant to delay timely responding to plaintiff's discovery requests, but defendant does not need to provide specifics about alleged fraud prior to getting final answers from plaintiff as to what her theory of prosecution is on such claims. It is plaintiff's obligation, by her December 19, 2008 deadline, to provide the details about what she believes she will learn from defendant

that plaintiff does not already know.  One way to note this is to begin a supplemental answer with a phrase such as "I have no additional substantive information to provide at this time, but I believe that defendant will be able to provide additional information regarding [*topic*], namely a conversation plaintiff had with [*named individual*] on or about [*date*] in which that person told plaintiff [*list specifics*]."   Despite the need for finality, there still could be a chicken-and-egg component to this process.  For instance, if defendant in pre-lawsuit conversations with plaintiff reported possible defamation of plaintiff by others but defendant did not provide plaintiff with details at that time, then it would not appropriate for plaintiff to attempt to obtain more detailed information in order to support her claims.  Of course, plaintiff cannot use discovery in this case as a fishing expedition for irrelevant or tangential information.  Given the current vagueness imbuing many of plaintiff's allegations, it is difficult to predict where we might land with all this, but the court is available promptly to resolve future discovery disputes.

Which segues to defendant's warning during the motion hearing that she may be seeking court protection from some of plaintiff's discovery requests.  As we discussed, often–but not always–it is useful for the parties discuss such concerns before seeking court intervention.  I do not want the parties wasting time or money quibbling over discovery disputes if it is more efficient just to request a  ruling from the court.  Fed. R. Civ. Pro. 26(c) outlines generally when protection from discovery is appropriate.      To the extent that plaintiff expressed concerned that the "meet and confer" process has been honored in the breach, *if* the parties believe that it would be helpful to discuss and attempt to resolve future discovery disputes before coming to court, then any medium of communication qualifies.  E-mail, if promptly  answered, allows the parties some flexibility in timing and makes a record for later if the court must referee the dispute.

Finally, I denied defendant's request for cost shifting. As I noted, in civil cases with pro se parties, the court usually allows one free shot before shifting costs. Now that the lines of responsibility have been drawn more clearly, the court will shift costs pursuant to Rule 37(a)(5).

The parties had no other substantive matters to bring to the court's attention.

Entered this 8th day of December, 2008.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge