IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BARBARA J. GRASSO,

                Plaintiff,

v.

SHERRY BAKKO,

                Defendant.

ORDER

08-cv-471-slc

---

Now before the court are defendant's motions to compel plaintiff to produce signed tax authorization forms and for attorney's fees and costs in bringing the motion or, in the alternative, to dismiss plaintiff's complaint, dkt. # 15 and to compel the production of plaintiff's expert report or in the alternative to preclude expert testimony and for attorney's fees in bringing the motion, dkt. #19.  Further, in her response to defendant's motion to compel the signed tax authorization forms, plaintiff objects to defendant's request for entry and inspection and, in the alternative, requests a protective order, dkt. #18.  On January 15, 2009, defendant responded to plaintiff's motion on January 15, 2009, asking the court to compel plaintiff to comply with the request for entry and inspection, dkt. #20.

**I. Defendant's Motions to Compel Discovery**

First, defendant moves to compel plaintiff to produce signed tax authorization forms. At the December 5, 2008 hearing on defendant's first motion to compel, plaintiff claimed for the first time that she did not have copies of her tax returns because she did not file tax returns from the years 2003 to present.  In my order on defendant's motion, I gave plaintiff until December 19, 2008 within which to finalize her responses to all pending discovery.

After the hearing, defendant sent plaintiff authorization forms to release tax information from the state of New York and the Internal Revenue Service, but plaintiff did not sign the release forms. Because defendant is seeking information that is relevant to plaintiff's damages claim, I will grant her motion to compel plaintiff to sign the authorization forms to release tax information and award her attorney's fees and costs for bringing this motion.

Second, defendant moves to compel plaintiff to produce an expert report that conforms with the requirements of Rule 26(a)(2) or in the alternative to preclude plaintiff from offering expert testimony. She also seeks attorney fees for bringing the motion. Plaintiff did not respond to this motion and has not submitted the required expert report. I will grant defendant's motion; plaintiff shall provide an expert report no later than February 23, 2009. If she fails to submit the report the expert will be precluded from testifying. Further, I will award defendant her attorney's fees for bringing this motion.

## II. Plaintiff's Motion for a Protective Order

Plaintiff objects to defendant's request for entry and inspection of her computer and seeks a protective order. In response to plaintiff's motion, defendant moves to compel plaintiff to produce her computer for inspection.

Defendant had requested to inspect plaintiff's computer pursuant to Fed. R. Civ. P. 34. In her brief, defendant asserts that although plaintiff is now claiming that there is a "new contract" which was the original 2005 contract between the parties, the "new contract" plaintiff provided in discovery was actually generated by plaintiff on her computer in December 2008 rather than in 2005. Now plaintiff says that the document she provided was a sample of the

original form contract. Because of plaintiff's conflicting statements, defendant seeks to inspect plaintiff's computer to see whether the contract existed on her computer in 2005.

Plaintiff argues that the request to inspect her computer is unduly burdensome. I agree. Further, it is not defendant's burden to prove whether the "new contract" did or did not exist on plaintiff's computer in 2005. Rather, plaintiff will have to show that such a contract existed between the parties in 2005. Therefore, I will deny defendant's motion to compel the inspection of plaintiff's computer and deny plaintiff's motion for a protective order as moot.

ORDER

IT IS ORDERED that:

1. Defendant's motion to compel plaintiff to produce signed tax authorization forms, dkt. #15, is GRANTED with attorney's fees and costs.

2. Defendant's motion to compel plaintiff to produce an expert report, dkt. #19, is GRANTED with attorney's fees and costs. If plaintiff fails to produce the report by February 23, 2009, plaintiff's expert will be precluded from testifying.

3. Defendant's motion to compel plaintiff to produce her computer for inspection, dkt. # 20, is DENIED.

4. Plaintiff's request for a protective order, dkt. # 18, is DENIED as moot.

Entered this 29th day of January, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge