IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BARBARA J. GRASSO,

                Plaintiff,

v.

SHERRY BAKKO,

                Defendant.

ORDER

08-cv-471-slc

---

Now before the court are plaintiff's motions for permission to file documents electronically, dkt. #36, for reconsideration of this court's January 29, 2009 order compelling her to produce signed tax authorization forms, dkt. #35, for permission to take telephonic depositions, dkt. #31, and motion for clarification and extension of time to respond, dkt. # 40. Also pending are defendant's motions for attorney fees, dkt. #29, for a deadline for plaintiff to produce tax authorization forms and for an extension of time to file her expert witness disclosure, dkt. # 33 and for an extension of the summary judgment deadline, dkt. #39.

## I. Plaintiff's Pending Motions

First, plaintiff moves to file documents electronically. This motion will be granted and plaintiff may file pleadings electronically pursuant to this court's Local Rule 5, <u>Filing and Service by Electronic Means</u>. Enclosed with this order is a form to register as an electronic filer.

Second, plaintiff moves for reconsideration of this court's order compelling her to produce signed tax authorization forms. She mistakenly believes that she can have a judge review my order under 28 U.S.C. § 636(b)(1)(A). However, in this case, because plaintiff has consented to my jurisdiction, she is not entitled to review of my order by a judge. However, I

will address her motion for reconsideration.  For the first time, plaintiff claims that she should not be required to sign the tax authorization forms because of the Fifth Amendment privilege against self-incrimination.  She fears possible prosecution for failure to file a tax return if she signs the authorization.  Plaintiff's reasoning is difficult to follow.  I cannot see how signing the authorization forms for release of information affects any potential prosecution.  However, plaintiff has the option of refusing to sign the tax authorization forms.  If she chooses this option, her complaint would have to be dismissed because she is seeking damages for financial and business losses.  Plaintiff's motion to reconsider my order compelling her to produce the signed tax authorization forms will be denied.

      Third, plaintiff requests that her deposition scheduled for February 16, 2009, in Madison, Wisconsin be held by telephone because she is in New York and does not have the financial means to travel to Wisconsin.  She also requests to be allowed to take defendant's deposition by telephone.  Defendant does not object to plaintiff's taking her deposition by telephone but does object to taking plaintiff's deposition by telephone.  Defendant seeks to take plaintiff's deposition in person because it will be difficult to assess plaintiff's demeanor and credibility on the telephone.  However, because defendant has agreed to have her deposition taken by telephone, the interests of fairness suggest that I also allow plaintiff's deposition to be taken by telephone.  I will grant plaintiff's motion for telephonic depositions of both her and the defendant.

      Finally, plaintiff moves for clarification of defendant's motion to dismiss and for an extension of time.  Defendant filed a motion to dismiss for failure to state a claim.  Because

defendant submitted an affidavit containing plaintiff's responses to interrogatories, the motion has been converted to a motion for summary judgment and plaintiff should respond accordingly. Because plaintiff did not initially understand how to respond to the defendant's motion, I will grant her an extension until February 20, 2009 to respond to the motion and plaintiff may have until March 2, 2009 to reply.

## II. Defendant's Pending Motions

First, defendant moves for plaintiff to pay her attorney fees and costs in the amount of $2009.78. As defendant points out, in my January 29, 2009 order I awarded her reasonable attorney fees and costs for bringing her motions to compel plaintiff to produce signed tax authorization forms and expert witness reports. Plaintiff objects, seeking judicial review of this court's order. As stated above, she is not entitled to this review. In addition, plaintiff objects to the amount of attorney's fees requested, claiming that the number of hours defendant's lawyer claims she spent on her motions to compel is excessive. After reviewing the affidavit of defendant's attorney, I conclude that the amount of time she spent on the motions is not excessive and that her request is reasonable. Therefore, I will require plaintiff to pay the requested fees no later than February 20, 2009.

Second, defendant asks the court to set a deadline for plaintiff to submit the signed tax authorization forms and for an extension of the time to file her expert report. I will require plaintiff to produce her signed tax authorization forms no later than February 17, 2009. Also, defendant requests an extension of time to file her expert report to March 25, 2009, which is 30 days after the February 23, 2009 deadline for plaintiff to submit her expert report. In fact,

plaintiff submitted her proposed expert report on February 3, 2009. Therefore, defendant's request for an extension of time will be partially granted and her expert report shall be filed no later than March 4, 2009.

Third, defendant requests an extension of the deadline for filing motions for summary judgment. The current deadline for filing motions for summary judgment is February 20, 2009. Defendant argues that because plaintiff has objected to her deposition on February 16, 2009, she needs an extension of time until March 13, 2009, to file a motion for summary judgment. However, it is my understanding that plaintiff will no longer object to appearing for her deposition on February 16, 2009, because her request for a telephonic deposition has been granted in this order. Therefore, I am denying defendant's motion for an extension of time to file a motion for summary judgment. She may renew her request if plaintiff's telephonic deposition does not occur on February 16, 2009.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to file documents electronically, dkt. #36 is GRANTED.

2. Plaintiff's motion to reconsider the order compelling her to produce signed tax authorization forms, dkt. # 35 is DENIED.

3. Plaintiff's motion to allow depositions of her and the defendant to be taken by telephone, dkt. #31, is GRANTED.

4. Plaintiff's motion for clarification and extension of time to respond to defendant's motion to dismiss, dkt.#40, is GRANTED. Plaintiff's response to defendant's motion, now

converted to a motion for summary judgment, is to be filed no later than February 20, 2009, and defendant may reply no later than March 2, 2009.

    5. Defendant's motion for attorney fees and costs in the amount of $2009.78, dkt. #29, is GRANTED. Plaintiff is to pay the these fees no later than February 20, 2009.

    6. Defendant's motion for a deadline for plaintiff to produce tax authorization forms and for an extension of time to file her expert witness disclosure, dkt. #33 is PARTIALLY GRANTED. Plaintiff is to produce her signed tax authorization forms no later than February 17, 2009. Defendant is to file her expert report no later than March 4, 2009.

    7. Defendant's motion for an extension of time to file summary judgment motions, dkt. #39, is DENIED.

Entered this 10th day of February, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge